Michael A. Condyles (VA 27807)
Peter J. Barrett (VA 46179)
Jeremy S. Williams (VA 77469)
**KUTAK ROCK LLP**
901 East Byrd Street, Suite 1000
Richmond, Virginia 23219-4071
Telephone: (804) 644-1700
Facsimile: (804) 783-6192

*Co-Counsel to Wayne Services Legacy, Inc.*
*and the TRU Inc. Trust*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| TOYS "R" US, INC., *et al.*,[1] | ) | Case No. 17-34665 (KLP) |
| Debtors. | ) | (Jointly Administered) |

**JOINT MOTION TO CLOSE CERTAIN CHAPTER 11 CASES PURSUANT TO 11 U.S.C. § 350(A) AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 3022**

Wayne Services Legacy, Inc. ("Wayne Services")[2] and the TRU Inc. Trust (the "Trust"[3] and together with Wayne Services, the "Movants"), jointly file this motion (this "Motion") seeking entry of a final decree, substantially in the form attached hereto as **Exhibit A** (the "Final Decree"), closing seven of the eight chapter 11 cases pending before this Court in connection

[1] The debtors in these chapter 11 cases (collectively, the "Debtors"), along with the last four digits of each Debtor's federal tax identification number, are set forth in the *Debtors' Motion for Entry of an Order (I) Directing Joint Administration of Chapter 11 Cases and (II) Granting Related Relief* filed on September 19, 2017 [Doc. No. 10]. The location of the Debtors' service address is One Geoffrey Way, Wayne, NJ 07470.

[2] Wayne Services Legacy, Inc. is the successor to certain of the Debtors pursuant to and for the limited purposes set forth in the *Fourth Amended Chapter 11 Plan of Toys Delaware Debtors and Geoffrey Debtors* [Docket No. 5602] (the "Toys Delaware Plan").

[3] the TRU Inc. Trust is the successor to certain of the Debtors pursuant to and for the limited purposes set forth in the *Third Amended Joint Chapter 11 Plan of Taj Debtors and the TRU Inc. Debtors* [Docket No. 5940] (the "Toys Inc. Plan" and together with the Toys Delaware Plan, the "Plans").

with the above-captioned matter and granting related relief. In support of this Motion, the Movants respectfully state as follows.

**Jurisdiction**

1. The United States Bankruptcy Court for the Eastern District of Virginia (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference from the United States District Court for the Eastern District of Virginia*, dated July 10, 1984. The Movants confirm their consent, pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final order by this Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested in this Motion are sections 105 and 350(a) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), and Bankruptcy Rule 3022.

**Relief Requested**

4. By this Motion, the Movants respectfully request entry of a final decree, substantially in the form attached to this Motion as **Exhibit A**, (a) closing the chapter 11 cases identified on **Schedule 1** to the Final Decree (collectively, the "Affiliate Cases"), while leaving open the lead chapter 11 case, Case No. 17-34665, *In re Toys "R" Us, Inc.* (the "Lead Case," and corresponding Debtor, the "Lead Debtor"), which is the Debtor case in which all cases are being jointly administered, (b) the affiliate Debtor cases of *In re Toys "R" Us – Delaware Inc.* [Case No. 17-34669], *In re Toys "R" Us Property Company II, LLC* [Case No. 17-34671], and *In re Giraffe Junior Holdings, LLC* [Case No. 17-34662] (collectively, the "Remaining Affiliate

Cases”), which cases are still being administered as more specifically set forth herein, and (b) granting related relief.

**Background**

5. On September 19, 2017 (the “Petition Date”), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors were previously operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. A detailed description surrounding the facts and circumstances of these chapter 11 cases is set forth in the *Declaration of David A. Brandon, Chairman of the Board and Chief Executive Officer of Toys R Us, Inc., In Support of Chapter 11 Petitions and First Day Motions* [Docket No. 20] and the *Declaration of Michael J. Short, Chief Financial Officer of Toys “R” Us, Inc., in Support of Debtors’ First Day Motions* [Docket No. 30]. On September 19, 2017, the Court entered the *Order (I) Directing Joint Administration of Chapter 11 Cases and (II) Granting Related Relief* [Docket No. 78] directing joint administration of the Chapter 11 Cases under Case No. 17-34665, *In re Toys “R” Us, Inc.*, the Lead Case.

6. On December 21, 2017, the Court entered the *Amended Order (I) Setting Bar Dates for Filing Proofs of Claim, Including Requests for Payment Under Section 503(b)(9), (II) Establishing Amended Schedules Bar Date and Rejection Damages Bar Date, (III) Approving the Form of and Manner for Filing Proofs of Claim, Including Section 503(b)(9) Requests, (IV) Approving Notice of Bar Dates, and (V) Granting Related Relief* [Docket No. 1332] (the “General Bar Date Order”), which, among other things, established the following deadline for filing proofs of claim (collectively, the “General Bar Dates”): (a) April 6, 2018, as the deadline for all persons and entities holding or wishing to assert a “claim” (as defined in section 101(5) of the Bankruptcy Code) against any of the Debtors that arose before the Petition

Date (each, a "Claim"), including any claim arising under section 503(b)(9) of the Bankruptcy Code, to file proof of such Claim in writing; (b) June 18, 2018, as the deadline for all governmental units holding or wishing to assert a Claim against any of the Debtors that arose before the Petition Date to file proof of such Claim in writing; and (c) the later of (i) the General Claims Bar Date or the Governmental Bar Date (each as defined in the General Bar Date Order), as applicable, or (ii) 5:00 p.m., prevailing Eastern time, on the date that is 30 days following entry of an order approving the rejection of any executory contract or unexpired lease of the Debtors, as the deadline for all entities holding claims against the Debtors arising from the rejection of executory contracts and unexpired leases of the Debtors, to file proof of such Claim in writing.

7. On March 22, 2018, the Bankruptcy Court entered the *Order (I) Authorizing the Debtors to Wind-Down U.S. Operations, (II) Authorizing the Debtors to Conduct U.S. Store Closings, (III) Establishing Administrative Claims Procedures, and (IV) Granting Related Relief* [Docket No. 2344] pursuant to which the Court authorized the Debtors to begin to wind down their U.S. operations.

8. On May 25, 2018, the Court entered the *Amended Order (I) Setting a Bar Date for Filing Proofs of Administrative Claims Against Certain Debtors, (II) Establishing Administrative Claims Procedures, (III) Approving the Form and Manner of Filing Proofs of Administrative Claims, (IV) Approving Notice of the Administrative Claims Bar Date, and (V) Granting Related Relief* [Docket No. 3260] (the "Admin Claims Bar Date Order" and together with the General Bar Date Order, the "Bar Date Orders"), which, among other things, established: (a) July 16, 2018, as the deadline to file proof of such claim in writing for all persons and entities holding or wishing to assert a claim entitled to administrative priority under

11 U.S.C. § 503 (other than § 503(b)(9)) (each, an "Administrative Claim") against any of the Debtors that arose between the Petition Date and on or prior to June 30, 2018; and (b) the earlier of: (i) the 15th day of the month at 5:00 p.m., prevailing Eastern Time following the month in which the claim arose; or (ii) 14 days following any hearing on a plan of liquidation, structured settlement, or other proposed resolution to the Debtors' chapter 11 cases, at 5:00 p.m., prevailing Eastern Time, for any Administrative Claim arising after June 30, 2018 (collectively, the "Admin Bar Dates" and together with the General Bar Dates, the "Bar Dates") as the deadline to file proof of such Administrative Claim in writing. At this point, the Movants believe that all Claims which would constitute a timely-filed Claim have been filed.

9. On August 22, 2018, the Court entered the *Findings of Fact, Conclusions of Law, and Order (I) Approving the Adequacy of the Disclosure Statement for the Propco II Debtors' Joint Chapter 11 Plan and (II) Confirming the Propco II Debtors' Joint Chapter 11 Plan* [Docket No. 4298] (the "Confirmation Order") confirming the *Amended Joint Chapter 11 Plan of Toys "R" Us Property Company II, LLC and Giraffe Junior Holdings (With Technical Modifications)* (the "Propco II Plan") attached to the Confirmation Order as Exhibit A. Pursuant to the *Notice of (I) Entry of the Order Confirming the Amended Joint Chapter 11 Plan of the Toys "R" Us Property Company II, LLC and Giraffe Junior Holdings, LLC and (II) Occurrence of Effective Date* [Docket No. 4582], the Effective Date[4] of the Propco II Plan occurred on September 7, 2018.

10. On November 21, 2018, the Court entered the *Order Confirming the Fourth Amended Chapter 11 Plans of the Toys Delaware Debtors and Geoffrey Debtors* [Docket No. 5746]. Pursuant to the *Notice of (I) Entry of the Order Confirming the Fourth Amended Chapter*

4 Capitalized terms not otherwise defined herein shall be ascribed the meaning set forth in either the Toys Delaware Plan or the Toys Inc. Plan.

*11 Plans of the Toys Delaware Debtors and Geoffrey Debtors and (II) Occurrence of Effective Date* [Docket No. 6247], the Effective Date of the Toys Delaware Plan occurred on January 20, 2019.

11. On December 18, 2018, the Court entered the *Order (I) Confirming the Third Amended Joint Chapter 11 Plan of the Taj Debtors and the TRU Inc. Debtors and (II) Approving the Credit Bid Transaction* [Docket No. 5979]. Pursuant to the *Notice of (I) Entry of the Order Confirming the Third Amended Joint Chapter 11 Plan of the Taj Debtors and the TRU Inc. Debtors and (II) Occurrence of the Effective Date as to the Taj Debtors* [Docket No. 6292], the Effective Date occurred with respect to the Taj Debtors on January 23, 2019. Pursuant to the *Notice of (I) Entry of the Order Confirming the Third Amended Joint Chapter 11 Plan of the Taj Debtors and the TRU Inc. Debtors and (II) Occurrence of the Effective Date as to the TRU Inc. Debtors* [Docket No. 6358], the Effective Date occurred with respect to the TRU Inc. Debtors on February 1, 2019.

12. To date, entities have filed approximately 25,000 proofs of claim and requests for allowance and payment of administrative expenses and/or cure claims against the Debtors on an aggregate basis (collectively, the "Proofs of Claim"), collectively asserting more than $116.2 billion in aggregate liabilities, of which 5,200 assert administrative priority in the collective amount of approximately $103.2 billion. Throughout these chapter 11 cases and since the Effective Date, the Movants have worked assiduously to object to and settle asserted Claims and in connection therewith, the Movants have filed numerous rounds of omnibus objections which seek to expunge, reduce and/or reclassify any contested Claims. Certain claim objections remain outstanding (the "Pending Omnibus Objections").

13. For purposes of distributions under the Plans, it is generally irrelevant against which Debtor entity a claim has been asserted or is ultimately allowed other than at which silo of Debtors such claim is allowed at. For instance, Wayne Services is administering clams filed against Toys "R" Us – Delaware Inc. and the related Debtors under the Toys Delaware Plan, the Trust is handling claims filed against Toys "R" Us, Inc. and its related Debtors under the Toys Inc. Plan. and Toys "R" Us Property Company II, LLC and Geoffrey Junior Holdings, LLC are handling the Claims filed against them pursuant to the Propco II Plan. As such, there is no prejudice to any claimant if the Other Affiliate Cases are closed at this time.

14. Aside from the Pending Omnibus Objections and other various pending claims against certain Debtors, there are no motions, contested matters, or adversary proceedings that remain unresolved in the Other Affiliate Cases.

**Basis for Relief Requested**

15. Section 350(a) of the Bankruptcy Code provides that "[a]fter an estate is fully administered and the court has discharged the trustee, the court shall close the case." Bankruptcy Rule 3022, in implementing section 350 of the Bankruptcy Code, further provides that "[a]fter an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case."

16. The term "fully administered" is not defined by either the Bankruptcy Code or the Bankruptcy Rules. The Notes of the Advisory Committee on the 1991 amendments in respect of Bankruptcy Rule 3022 (the "Advisory Notes") comment that "[e]ntry of a final decree closing a chapter 11 case should not be delayed solely because the payments required by the plan have not been completed." The Advisory Notes set forth certain factors that courts should consider when evaluating whether a case has been fully administered. These factors are:

(a) whether the order confirming the plan has become final;

(b) whether deposits required by the plan have been transferred;

(c) whether the property proposed by the plan to be transferred has been transferred;

(d) whether the debtor or the successor of the debtor under the plan has assumed the business or management of the property dealt with by the plan;

(e) whether payments under the plan have commenced; and

(f) whether all motions, contested matters and adversary proceedings have been finally resolved.

*See In re A.H. Robins Co.*, 219 B.R. 145, 150 (Bankr. E.D. Va. 1998) (noting that a number of courts have determined that a case is "fully administered" at a point of "substantial consummation" and examining the concept of "fully administered" in light of the Advisory Notes (citing *Walnut Assocs. v. Saidel*, 164 B.R. 487, 492–93 (E.D. Pa. 1994) and *In re Jordan Mfg. Co.*, 138 B.R. 30, 34 n.1 (Bankr. C.D. Ill. 1992)).

17. These foregoing factors weigh strongly in favor of closing each of the Other Affiliate Cases. The Debtors have "substantially consummated" their Plan in accordance with section 1101 of the Bankruptcy Code, the terms of the Plans, and the related confirmation orders. The confirmation orders are final. The Debtors have transferred their assets to the Movants, formed new corporate entities or trusts, where applicable, and otherwise consummated a substantial portion of the Plans. The primary open issue in the Debtors' cases at this point is resolution of the outstanding Claims. Issues affecting the resolution of the Claims and distributions to creditors that have not yet received distributions (can be handled by keeping open the Lead Case and the Remaining Affiliate Cases. *See A.H. Robins*, 219 B.R. at 150 (stating that the pendency of claims matters does not preclude closing a debtor's chapter 11 case).

18. Although certain matters of the Other Affiliate Debtors remain pending, namely outstanding claims and the Pending Omnibus Objections, because the Chapter 11 Cases were

jointly administered, the open matters can be handled under the Lead Case or Remaining Affiliate Cases without keeping the Other Affiliate Cases open. Moreover, in the unlikely event the Movants need to reopen a closed case, the Movants will have the ability to do so in order to address specific matters that may arise.

19. Keeping the Other Affiliate Cases open at this point serves no purpose, and entry of the Final Decree will allow the Movants to avoid incurring unnecessary quarterly United States Trustee fees for the Other Affiliate Cases, while continuing to pay any applicable quarterly fees for the Lead Case and Remaining Affiliate Cases. Among other things, since the Plans provide for equal distribution to all similarly situated creditors within each silo of Debtors the Claim is asserted against, closing the Other Affiliate Cases will have no impact on the resolution of claims or on distribution in accordance with the Plans.

20. Bankruptcy courts in the Eastern District of Virginia have entered final decrees and closed cases when various claims and contested matters remained pending and the bankruptcy court retained jurisdiction over open claims and ongoing adversary proceedings. *See, e.g.*, *In re Penn Virginia Corporation*, Case No. 16-32395 (KLP), (Bankr. E.D. Va. Feb. 1, 2018), *In re The Gymboree Corporation*, Case No. 17-32986 (KLP) (Bankr. E.D. Va. Jan. 19, 2018); *In re Patriot Coal Corporation*, Case No. 15-32450 (KLP) (Bankr. E.D. Va. Mar. 2, 2016); *In re AMF Bowling Worldwide, Inc.*, Case No. 12-36495 (KRH) (Bankr. E.D. Va. Aug. 13, 2013); *In re Movie Gallery, Inc.*, Case No. 10-30696 (KLP) (Bankr. E.D. Va. Aug. 18, 2011); *In re Workflow Mgmt., Inc.*, Case No. 10-74617 (SCS) (Bankr. E.D. Va. Apr. 26, 2011); and *In re US Airways, Inc.*, Case No. 04-13819 (SSM) (Bankr. E.D. Va. Apr. 13, 2006).

21. The Movants believe the relevant factors support finding the Other Affiliate Cases have been administered within the meaning of section 350(a) of the Bankruptcy Code, the Debtors have substantially consummated the Plans in respect of the Other Affiliate Cases, and entry of the Final Decree is appropriate at this time for each Other Affiliate Case. Accordingly, the Movants request the Bankruptcy Court enter the Final Decree, in accordance with section 350(a) of the Bankruptcy Code and Bankruptcy Rule 3022, closing each of the Affiliate Cases, but retaining jurisdiction over any and all matters pending in the chapter 11 cases.

## **Notice**

22. The Trust will provide notice of this Motion via first class mail or email (where available) to the Core Group as defined in the *Order (I) Establishing Certain Notice, Case Management, and Administrative Procedures and (II) Granting Related Relief* [Docket No. 129]. The Movants submit that, in light of the nature of the relief requested, no other or further notice need be given.

## **No Prior Request**

23. No prior request for the relief sought in this Motion has been made to this or any other court.

[*Remainder of page intentionally left blank*]

WHEREFORE, the Movants respectfully request that the Court enter the Order granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Dated: June 10, 2019
Richmond, Virginia

/s/ Jeremy S. Williams

Michael A. Condyles (VA 27807)
Peter J. Barrett (VA 46179)
Jeremy S. Williams (VA 77469)
**KUTAK ROCK LLP**
901 East Byrd Street, Suite 1000
Richmond, Virginia 23219-4071
Telephone: (804) 644-1700
Facsimile: (804) 783-6192
Email: Michael.Condyles@KutakRock.com
Peter.Barrett@KutakRock.com
Jeremy.Williams@KutakRock.com

*Co-Counsel to Wayne Services Legacy Inc.*
*and the TRU Inc. Trust*

# **Exhibit A**

**Proposed Final Decree**

Michael A. Condyles (VA 27807)
Peter J. Barrett (VA 46179)
Jeremy S. Williams (VA 77469)
**KUTAK ROCK LLP**
901 East Byrd Street, Suite 1000
Richmond, Virginia 23219-4071
Telephone: (804) 644-1700
Facsimile: (804) 783-6192

*Co-Counsel to Wayne Services Legacy, Inc.*
*and the TRU Inc. Trust*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| TOYS "R" US, INC., *et al.*,[1] | ) | Case No. 17-34665 (KLP) |
| Debtors. | ) | (Jointly Administered) |

**FINAL DECREE CLOSING CERTAIN CHAPTER 11 CASES PURSUANT TO 11 U.S.C. § 350(A) AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 3022**

Upon the motion (the "Motion")[2] of Wayne Services Legacy, Inc. ("Wayne Services") and the TRU Inc. Trust (the "Trust" and together with Wayne Services, the "Movants"), for entry of a final decree (this "Final Decree") closing the Other Affiliate Cases and granting related relief, all as more fully set forth in the Motion; and it appearing that the relief requested is in the best interests of the Debtors' estates, their creditors and other parties in interest; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core

[1] The debtors in these chapter 11 cases (collectively, the "Debtors"), along with the last four digits of each Debtor's federal tax identification number, are set forth in the *Debtors' Motion for Entry of an Order (I) Directing Joint Administration of Chapter 11 Cases and (II) Granting Related Relief* filed on September 19, 2017 [Doc. No. 10]. The location of the Debtors' service address is One Geoffrey Way, Wayne, NJ 07470.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of the Motion having been adequate and appropriate under the circumstances; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED:

1. The Motion is granted.

2. The Other Affiliate Cases, as identified on **Schedule 1** attached to this Final Decree, are hereby closed.

3. The Lead Case, *In re Toys "R" Us, Inc.*, Case No. 17-34665, will remain open pending the entry of a final decree or order by this Court.

4. The Other Affiliate Cases, *In re Toys "R" Us – Delaware Inc.* [Case No. 17-34669], *In re Toys "R" Us Property Company II, LLC* [Case No. 17-34671], and *In re Giraffe Junior Holdings, LLC* [Case No. 17-34662] will remain open pending the entry of a final decree or order by this Court.

5. Entry of this Final Decree is without prejudice to the rights of the Debtors, the Movants or any other party in interest to seek to reopen the Other Affiliate Cases for good cause shown in accordance with section 350(b) of the Bankruptcy Code.

6. The Bankruptcy Court will retain jurisdiction to enforce or interpret its own orders pertaining to the Chapter 11 Cases. Furthermore, the Bankruptcy Court will retain jurisdiction over any matter pending in the Chapter 11 Cases.

7. For the purposes of calculating quarterly fees payable to the Office of the United States Trustee for the Eastern District of Virginia in accordance with 28 U.S.C. § 1930(a)(6), all disbursements made by the Debtors identified on **Schedule 1,** through June 27, 2019, will be included in the calculation, and the Movants shall pay these amounts promptly. No

disbursements made by any of the Debtors identified on **Schedule 1** after the effective date of entry of this Final Decree will be included in subsequent calculations, and no minimum quarterly fees will be payable in respect of the Other Affiliate Cases for periods after entry of this Final Decree.

8. The Movants are authorized to take all actions necessary to effectuate the relief granted pursuant to this Final Decree in accordance with the Motion.

Dated: ___________________
Richmond, Virginia

______________________________________________
UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

/s/ *Jeremy S. Williams*
Michael A. Condyles (VA 27807)
Peter J. Barrett (VA 46179)
Jeremy S. Williams (VA 77469)
**KUTAK ROCK LLP**
901 East Byrd Street, Suite 1000
Richmond, Virginia 23219-4071
Telephone: (804) 644-1700
Facsimile: (804) 783-6192

*Co-Counsel to Wayne Services Legacy Inc. and*
*The TRU Inc. Trust*

**CERTIFICATION OF ENDORSEMENT**
**UNDER LOCAL BANKRUPTCY RULE 9022-1(C)**

Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

/s/ *Jeremy S. Williams*

## Schedule 1

**Affiliate Cases**

**Chapter 11 Cases to Be Closed Effective June 27, 2019**

| Name | Case No. |
|---|---|
| Geoffrey Holdings, LLC | 17-34660 |
| Geoffrey International, LLC | 17-34666 |
| Geoffrey, LLC | 17-34667 |
| Giraffe Holdings, LLC | 17-34661 |
| MAP 2005 Real Estate, LLC | 17-34663 |
| Toys "R" Us – Value, Inc. | 17-34664 |
| Toys "R" Us Europe, LLC | 17-34670 |
| Toys Acquisition, LLC | 17-34672 |
| TRU – SVC, Inc. | 17-34659 |
| TRU Asia, LLC | 17-34673 |
| TRU Guam, LLC | 17-34674 |
| TRU Mobility, LLC | 17-34675 |
| TRU of Puerto Rico, Inc. | 17-34676 |
| TRU Taj (Europe) Holdings, LLC | 17-34677 |
| TRU Taj Finance, Inc. | 17-34678 |
| TRU Taj Holdings 1, LLC | 17-34679 |
| TRU Taj Holdings 2, Limited | 17-34680 |
| TRU Taj Holdings 3, LLC | 17-34681 |
| TRU Taj LLC | 17-34682 |
| Wayne Real Estate Parent Company, LLC | 17-34683 |